Wicks *v.* Sears.

M. J. WICKS et als. *v.* J. J. SEARS.

CHANCERY PLEADING AND PRACTICE.  *Bill to remove cloud. Payment of taxes. Receiver.*  In case of a bill filed to remove cloud from title, the defendant in possession failed to pay taxes. The complainant paid until a receiver was appointed on petition of complainant.  Complainant's bill was ultimately dismissed on hearing.  *Held :*  He was entitled to be reimbursed the taxes paid by him pending the litigation out of rents in the hands of the receiver, on the principle that it was the duty of the Court to have so applied the funds, and it would have done so, had not complainant paid them.  He having done so, *entitles him* to receive the money back on decree against him in this Court

FROM SHELBY.

Appeal from the Chancery Court at Memphis, R. J. MORGAN, Ch.

ESTES & ELLETT and TAYLOR & CARROLL for Complainants.

METCALF & WALKER for Defendant.

FREEMAN, J., delivered the opinion of the Court.

This case is now before us under an order of reference to the Clerk of this Court, and report by him, showing that complainant has paid the taxes on the land in controversy, during the pendency of the litigation, which commenced in 1865, for a number of years, and up to the time when

a receiver was appointed to take charge of the property, and to pay them in the future. This was done in April, 1873, since which time said receiver has been in possession and control of the property. Before that, the respondent was in possession, but, as appears in the record, neglected and failed to pay these charges, and is probably, if not certainly, insolvent.

The case was a bill filed by complainant charging that respondent had purchased the land at a sale for Federal taxes, assessed during the war, and asking said sale be declared void.

. The Chancellor decreed the sale void, but under late decisions of the Supreme Court of the United States, this Court has reversed this decree and dismissed the bill.

Complainant now insists that he is entitled to be reimbursed the taxes paid by him during the litigation, and asks this Court so to decree.

This case does not fall within the facts of the case of *Quinby & Co.* v. *North Alabama Coal and Transportation Co.*, 2 Heis., 596, where the complainant claimed in his bill to have been purchaser at a tax sale, and to be assignee of others who had purchased, and asked to have the title to the property declared to be in him by virtue of these purchases, as against creditors, who were proceeding to have it sold for debts of the original owners. Quinby failed to make out his claim of title, but did show he had paid the taxes, thus relieving the land of a charge on it, which would have

taken precedence of the creditors' claims, and we held he should be reimbursed out of the fund arising from the sale. Nor, on the other hand, is it like the case of *Ross* v. *Mabry*, 1 Lea, 226, where the complainant sought to have a lien on the land and a sale of it, on the simple allegation that he had bought it at a tax sale, without showing even that his title was defective. In the language of Judge Cooper in that case, it was a bill for a lien going merely on the ground that the complainant had bought the land at a tax sale.

As no statement of facts is presented in the bill which brings out this question of payment of taxes, the contention of complainant must rest on other grounds, if successful. We think he is entitled to be reimbursed, as this case stands, out of any funds in the hands of the receiver. The receiver was appointed by the Court on a petition showing respondent in possession, but insolvent, and failing to pay the taxes. It would have been the duty of the Court, if complainant had not paid the taxes, to have directed them to be paid by the receiver as soon as funds came into his hands sufficient for this purpose. The property was in litigation, the title to be settled by the decree of the Court, otherwise both parties might have found themselves deprived of the property at the end of the litigation by a title acquired by a third party at a tax sale. In order to protect the title and preserve it to answer the decree in favor of the one or the other party, as the case might be, it

was proper that the rents should have been so applied. It was so done as to the taxes accruing after the appointment of the receiver. The failure of the Court to direct an application of them to past due taxes ought not now to preclude such application. If complainant had not paid them, they would have been properly payable, or paid out of the rents in the hands of the receiver. That the complainant has paid them cannot defeat such application.

We therefore direct that so much of said fund as may be found in the hands of the receiver, after paying his compensation and necessary charges, shall be appropriated to reimburse complainant, and costs of this contest also out of said fund.

At a subsequent day of the term, the case was again brought before the Court upon the report of the receiver.

FREEMAN, J., delivered the opinion of the Court.

The question of reimbursement of complainant for taxes paid by him during the litigation was before us some weeks since. We then held, that inasmuch as it would have been the duty of the Court to have applied the rents arising from the property during the litigation to the payment of these taxes, that any funds in the hands of the receiver now should be appropriated to reimburse complainant, who had paid them. This was on the assumption that the receiver had done as he

was directed to do—collected the rents and paid the taxes from April, 1873, when he was appointed. We have now his report, in which he shows he had received up to October, 1877, the sum of $980, and had paid out $911.21 for taxes, and an account for expenses, hiring horses to ride from the city to the land, and also a charge of commission to himself. If these credits were correct, it would only leave a balance of $68.79 in his hands, which he would probably be entitled to as compensation for services. But a letter from the receiver is filed, showing that in fact he has only paid the taxes for 1873 and 1874. The balance, he says, are not paid. The taxes for these years amount to only $265.34, leaving a large balance in his hands. On this showing it would appear that there is probably six or seven hundred dollars or more in the hands of the receiver from rents Whatever is thus in his hands in fact must be appropriated to reimburse complainant. The taxes paid by him were a prior lien to subsequent accruing taxes. The principle on which we ordered the appropriation in the former opinion involved this. We erroneously assumed that the receiver had paid the taxes subsequently accruing, and therefore only appropriated the balance remaining after their payment. We find this has not been done. The conduct of the receiver is unwarranted, and, unless explained, will receive the reprobation of this Court, and be looked to on the question whether he is entitled to any compensation at all.

The Clerk of this Court will call the receiver before him, and examine his accounts, requiring vouchers for all payments claimed, showing when paid, as well as when the rents were received which are reported by him as received, and report to the present term of this Court. He will notify counsel of complainant and defendant of the taking this account.